## LURIE v. LEVY.

### (Supreme Court, Appellate Term. January 19, 1904.)

1. LEASES—CONDITION OF EXECUTION—WAIVER—EVIDENCE.

In an action for rent, the issue being whether the lease was entered into on condition that plaintiff would repair the premises, and whether defendant waived its performance, where, in order to show that defendant retained possession after failure of the landlord to repair, he was asked, on cross-examination, whether when he moved out he had put up a "To Let" sign in his own name, and he answered in the negative, plaintiff on rebuttal could show that defendant did, after his removal, put up such a sign.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Hyman Lurie against Henry S. Levy. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Sanders & Feltenstein, for appellant.

Levy & Levison, for respondent.

GREENBAUM, J. This action was brought to recover the June and July installments of rent under a lease made between the parties in March, 1903, for a term of two years, commencing May 1, 1903. The rent for the first month was paid upon the execution of the lease. Upon the trial the plaintiff offered the lease in evidence, and upon the defendant's concession that the rents for the months of June and July had not been paid the plaintiff rested.

The issue upon the trial related to the defense that the lease had been entered into upon the condition that the plaintiff and landlord would make certain repairs to the premises to be demised. It appeared that the defendant had gone into possession on or about May 8th, though the landlord had failed to make the repairs, but the defendant's evidence tended to show his entry into possession was the result of inducement by the landlord and representations by him that the repairs would shortly be made. It further appeared that the defendant removed from the premises at or about the latter part of May, and it was conceded that no repairs had ever been made.

To establish a waiver of performance of the condition proven by the defendant on the part of the landlord, the plaintiff's attorney upon cross-examination asked the defendant whether at the time he moved out he put a "To Let" sign on the premises, to which the defendant replied in the negative. In rebuttal the plaintiff sought to establish that the defendant upon or after his removal from the premises did put up a "To Let" sign. All evidence to that effect was, however, excluded by the trial court upon the objection of the defendant's attorney that the plaintiff, having brought out a denial of the fact upon cross-examination, had to that extent made the defendant his own witness, and was concluded by the defendant's testimony as to the fact, and could not impeach his own witness. The plaintiff duly excepted. This ruling was error. The existence of the

condition and a waiver of its performance were the only issues litigated upon the trial, and were in no sense collateral. It must be apparent that the fact as to whether the defendant put up a "To Let" sign in his own name upon removal from the premises was very material upon the question as to whether he retained possession of them after breach of the condition. Though he might have removed his own business, he might still have retained possession of the premises under the lease with a view to subletting them.

For this error the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.